IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: )<br>)<br>DAMON'S INTERNATIONAL, INC., )<br>DAMON'S RESTAURANTS, INC. )<br>_____ )<br>)<br>DAMON'S INTERNATIONAL, INC. )<br>DAMON'S RESTAURANTS, INC., )<br>)<br>      Plaintiffs, )<br>)<br>  v. )<br>)<br>)<br>DAMON'S RESTAURANTS (UK), )<br>LTD., DAMON'S (HOLDINGS), LTD., )<br>DAMON'S (DEVELOPMENTS), LTD., )<br>DAMON'S (NO.3), LTD., and )<br>DAMON'S (DERBY) LTD. )<br>)<br>      Defendants. ) | 2:12cv00001<br>(Bankruptcy No. 09-27920-JAD)<br>(Adversary Proceeding No. 11-02393-JAD)<br>**Electronic Filing** |

## MEMORANDUM ORDER

July 22, 2013

    Before the Court is a Motion to Withdraw the Reference to the District Court filed on behalf of Defendants, Damon's Restaurants (UK), Ltd. ("DRL"), Damon's (Holdings), Ltd. ("DHL"), Damon's (Developments), Ltd. ("DDL"), Damon's (No. 3), Ltd. ("D3"), and Damon's (Derby), Ltd. ("DBY") (collectively "Damon's UK" or "Defendants"). On or about October 28, 2009, Damon's International, Inc. ("DII"), filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code. Damon's Restaurants, Inc. ("DRI")(collectively "Damon's" or Plaintiffs") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on January 29, 2010.

    Plaintiffs commenced an adversary proceeding on July 28, 2011, by filing a Complaint against Damon's UK alleging causes of action for (1) Breach of License Agreement, and (2) Injunctive Relief, arising out of the parties' 2004 license agreement. Damon's UK now seeks to

withdraw the reference to the United States District Court for the Western District of Pennsylvania. Once a Title 11 proceeding has been referred to the bankruptcy court, the district court's authority to withdraw the reference is governed by 28 U.S.C.A. § 157, which provides:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both Title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C.A. § 157(d)[1].

A district court considers a number of factors to determine whether the reference to the bankruptcy court should be permissively withdrawn, including "the goals of promoting uniformity in bankruptcy administration, reducing forum shopping and confusion, fostering the economical use of the debtors' and creditors' resources, and expediting the bankruptcy process." *Velocita Corp. v. Construction Mgmt. & Inspection, Inc.*, 169 F. App'x 712, 716 (3d Cir. 2006) (unreported) (quoting *In re Pruitt*, 910 F.2d 1160, 1168 (3d Cir. 1990)). As a threshold matter, however, a court must first evaluate whether the action sought to be withdrawn is a core or non-core proceeding. *See Certain Underwriters at Lloyd's of London v. Otlowski*, 2009 U.S. Dist. LEXIS 6408 at *5 (D.N.J. Jan. 23, 2009) (citations omitted).

It is the role of the bankruptcy court to make the core or non-core determination in the first instance, either by its own motion or by motion of a party. *See* 28 U.S.C. § 157(b)(3); *Doctors Assocs. v. Desai*, 2010 U.S. Dist. LEXIS 86454, 14-15 (D.N.J. Aug. 23, 2010); *see also Katz v. Karagjozi* (*In re Kara Homes, Inc.*), 2009 U.S. Dist. LEXIS 63215, at *3 (D.N.J. 2009)

---

[1] Section 157 provides for both mandatory and permissive withdrawal. None of the parties in the instant matter argue that mandatory withdrawal applies here.

(concluding that the motion to withdraw the reference was premature because a core/non-core determination was not yet made whether a matter is a "core" proceeding in bankruptcy). *But see Harley Hotels, Inc. v. Rain's Int'l, Ltd.*, 57 B.R. 773, 776 (M.D. Pa. Nov. 15, 1985) (finding that concerns of judicial economy dictated that the district court render a decision in the first instance on whether a proceeding was core or non-core). Defendants' motion and Plaintiffs' response indicate that the Bankruptcy Court was never given an opportunity to determine whether the proceedings in this case constitute core or non-core proceedings. Based upon concerns for judicial efficiency, this Court shall render a decision on whether a proceeding is core or non-core.

Whether a proceeding is a "core" proceeding that "arises under" Title 11 depends upon whether the Bankruptcy Code creates the cause of action or provides the substantive right invoked. *Stoe v. Flaherty*, 436 F.3d 209, 217 (3d Cir. Pa. 2006) (citing *Halper v. Halper*, 164 F.3d 830, 836, 836-37 n.7 (3d Cir. 1999)). A core proceeding "must have as its foundation the creation, recognition, or adjudication of rights which would not exist independent of a bankruptcy environment although of necessity there may be peripheral state law involvement." *Travelers Cas. & Sur. Co. v. Skinner Engine Co.* (*In re Am. Capital Equip., LLC*), 325 B.R. 372, 375 (W.D. Pa. 2005) (quoting *Hatzel & Buehler, Inc. v. Orange & Rockland Utils., Inc.*, 107 B.R. 34, 39 (D. Del. 1989)).

In this instance, Plaintiffs claims arise out of a licensing agreement entered into by the parties in 2004. With regard to a contract claim based on a pre-petition contract, the Third Circuit noted:

> [a] party who contracts with an apparently healthy company -- a company that has not filed a petition in bankruptcy -- may find it unpleasantly surprising to have to defend its pre-petition contract in a bankruptcy court, without a jury or Article III protections. But it is difficult to see any unfair surprise in bringing a post-petition

>contract action before a bankruptcy court. Parties who contract with a bankrupt company's trustee or with a debtor-in-possession know that they are dealing with an agent responsible to a bankruptcy court; that the bankruptcy court would resolve subsequent disputes should therefore come as no surprise.

*Beard v. Braunstein*, 914 F.2d 434, 445 (3d Cir. Pa. 1990) (quoting *In re Arnold Print Works, Inc.*, 815 F.2d 165, 170 (1st Cir. Mass. 1987)). The court concluded that an action involving pre-petition contracts breached both before and after the filing of the petition, was "entirely a non-core matter related to a case arising under title 11." *Id.* at 445. Further, Damon's UK has not filed a proof of claim in Plaintiffs' bankruptcy cases. If a creditor does not file a proof of claim with the bankruptcy court, courts categorize pre-petition state law claims as non-core proceedings. *See e.g., Stoe v. Flaherty*, 436 F.3d at 217 (holding that when no proof of claim was filed, a state law action for unpaid severance benefits did not "arise under" or "arise in" a bankruptcy case and, consequently, was a non-core proceeding); *In re DHP Holdings II Corp.*, 435 B.R. 264, 271 (Bankr. D. Del. 2010) (concluding that when no proof of claim was filed, a dispute over a pre-petition contract was merely a breach of contract claim and, therefore, a non-core proceeding). The Court finds that the Complaint against Damon's UK alleging causes of action for (1) Breach of License Agreement, and (2) Injunctive Relief, arising out of the parties' 2004 license agreement is non-core proceeding[2].

Another factor that should be considered is whether the parties have requested a jury trial. Bankruptcy courts cannot conduct jury trials unless the parties consent. 28 U.S.C.A. § 157(e). However, the assertion of a Seventh Amendment right to a jury trial in and of itself does not warrant immediate withdrawal of the reference. This Court has previously found that "[i]t is

---

[2]   Plaintiffs do not argue that the proceeding the Defendants seek to withdraw is a core proceeding.

appropriate, efficient, and logical that withdrawal of the reference in such circumstances can be deferred until the case is trial ready." *See In re GGC, LLC*, 2006 U.S. Dist. LEXIS 69163 *3 n. 2 (W.D. Pa. Sept. 26, 2006); *In re American Capital Equip., LLC*, 325 B.R. 372, 378 (W.D. Pa. 2005) (citing *In re Northwestern Institute of Psychiatry, Inc.*, 268 B.R. 79, 84 (Bky. E.D. Pa. 2001). The Court finds such logic applicable here. Therefore, there is no need to address the remaining factors applicable to determine whether the reference to the bankruptcy court should be permissively withdrawn. The Court finds that the motion to withdraw reference is not warranted until the case is ready for trial

Accordingly,

### ORDER OF COURT

And now this 22nd day of July, 2013, upon consideration of the Motion to Withdraw the Reference to the District Court (**Document No. 1**) filed on behalf of Defendants, Damon's Restaurants (UK), Ltd., Damon's (Holdings), Ltd., Damon's (Developments), Ltd., Damon's (No. 3), Ltd., and Damon's (Derby), Ltd., and Plaintiffs response thereto, in accordance with the accompanying Memorandum,

IT IS HEREBY ORDERED that the motion to withdraw is **DENIED** without prejudice to refile the motion when, and if, the case becomes trial ready. The Clerk shall mark this case closed.

s/ David Stewart Cercone  
David Stewart Cercone  
United States District Judge

cc:    Michael Kaminski, Esquire  
       Jordan S. Blask, Esquire  
       Michael A. Shiner, Esquire

(*Via CM/ECF Electronic Mail*)